JiLANDRIEU, Judge.
This ease arises from an employment discrimination suit Thomas Oden filed against Baroid Drilling Fluids, Inc. (Baroid). After working for Baroid for seventeen years, Oden’s employment was terminated due to Baroid’s downsizing. Oden asserts he was selected for termination because of his race. Oden was the only African-American and the only person terminated in his section of thirty-seven employees. He was as educated and qualified, if not more so, than the thirty-six employees that were retained. A jury determined that Oden’s termination was racially motivated and awarded him $13,000 in back pay and $40,000 in general damages. The trial court granted Baroid’s Motion for Judgment Notwithstanding the Verdict and reduced the general damages to $20,000. Baroid appeals the trial court’s determination and Oden appeals the lowering of the damages. We affirm.

FACTS

Oden was hired by Baroid as a field service representative in October, 1975. About seven years later, he was promoted to Regional Technical Engineer. He remained in that position until 1983 when, due to a company cutback, he was Igdemoted to his original job. In November of 1991, Oden was laid off permanently from Baroid.
Baroid contends that Oden was laid-off as a result of the downturn of the oil drilling industry in Louisiana. Oden does not deny the necessity for downsizing, but claims he was selected for termination because of his race. Oden filed a claim against Baroid under La.Rev.Stat.Ann. 23:1006 et seq (West 1985 and Supp.1995)[1] alleging intentional discrimination. He filed a supplemental petition alleging that, in addition to the intentional discrimination, Baroid’s employment practices had a discriminatory impact and violated La.Rev.Stat. 51:2231 et seq and La. Rev.Stat.Ann. 51:2264 (West Supp.1995).[2] The trial jury found Baroid liable under both theories.
Baroid asserts the following assignments of error:
1) The jury erred in finding Baroid liable for discharging Oden;
2) The jury erred in finding that Baroid’s employment practices had a racially discriminatory impact;
3) The trial erred in admitting testimony of racially discriminating comments by certain employees;
4) The jury award of $40,000 in damages was an abuse of discretion; and
5) The trial court erred in granting Oden’s motion in limine to prevent the Rjury from *1302 offsetting his award with unemployment compensation payments he received after his termination.
Oden asserts that the trial court erred in reducing the jury’s award of damages.

DISCUSSION

Baroid’s Liability and Employment Practices

Baroid claims that the jury erroneously based their finding on emotion rather than fact and that there was no evidence from which they could conclude that Baroid intentionally discriminated against Odin in terminating his employment. The finding of intentional discrimination is a finding of fact that cannot be reversed unless it is clearly erroneous. See Civil Rights Act of 1964, § 707(a), as amended, 42 U.S.C.A. § 2000e-6(a) (West 1994); Ambrose v. New Orleans Police Ambulance Service, 93-3099 (La. 7/5/94), 639 So.2d 216, reh’ing denied (Sept. 15,1994).
In Jackson v. Univ. of Pittsburgh, 826 F.2d 230, 233 (3d Cir.(Pa.) 1987), cert. denied, University of Pittsburgh v. Jackson, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988), the Court stated that to prove a pri-ma facie case of discriminatory termination it must be shown that (1) the plaintiff belongs to a racial minority, (2) he was qualified for the position, (3) he was discharged, and (4) other employees not in a protected class were treated more favorably. The record indicates that Oden is a minority who was discharged from a position for which he was more qualified than most of the non-minorities that were retained.
Baroid also contends the jury erred in finding Baroid’s employment practices discriminatory. In a letter dated May 28, 1992 to the EEOC, Baroid stated that the “[tjerminations were based on quality of experience, technical capabilities, seniority, performance, evaluation, current utilization and future potential.” The Reasons cited for Oden’s termination included a low utilization for customer service[3] the three months prior to his termination, his relatively poorer qualifications when compared to the remaining engineers, and his below average service evaluation.
The record indicates that during the three months Baroid used as representative of customer utilization, Oden had been assigned to clean a chemical spill which precluded him from earning customer utilization hours. The record also indicates that Oden was better educated and more experienced than many of the employees who were retained. The jury determined that the subjective procedure used by Baroid had a discriminatory impact. This Court agrees with the finding. Admission of Racially Derogatory Comments
Over Baroid’s objection, the trial court admitted testimony of racially derogatory comments allegedly made by its employees. Baroid claims this admission was reversible error because (1) the comments made were not attributed to Dardeau, the supervisor Baroid claims to be responsible for the decision to terminate Oden, and (2) there was no showing that Dardeau considered these comments when making the decision to terminate Oden. However, the record indicates that Dardeau’s supervisor, who also made the decision to terminate Oden, did make racially derogatory comments. Additionally, Oden testified that it was Dardeau who asked customers for permission to send an Afro-American employee to the job site. The trial court committed no reversible error in allowing the testimony into the record.

Damages Awarded

| gOden claims the trial court abused its discretion by lowering the original award of $40,000. The rules governing a motion for judgment notwithstanding the verdict are found in La.Code Civ.Proc. art. 1811 (West 1990). The Supreme Court has summarized the standard for granting a JNOV as follows:
‘"When the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is *1303 proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied....”
Scott v. Hosp. Service Dist. No. 1, 496 So.2d 270, 273-274 (La.1986), citing Boeing v. Shipman, 411 F.2d 365 (5th Cir.1969). The trial court held that the jury’s award was excessive and abusively high because there was no evidence that Oden had suffered any mental anguish or emotional distress other than his own testimony. We find no error in the trial court’s decision.
Baroid argues that the $20,000 awarded was excessive for the particular injuries Oden suffered and should be set aside. The discretion given to the trial court in awarding damages is great and should not be disturbed upon appeal unless it is beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, Maritime Overseas Corp. v. Youn, — U.S. -, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). This Court finds the award reasonable and affirms the award of $20,000.

Offsetting of the Damages

The trial court granted a motion in limine that excluded unemployment benefits Oden received from Baroid. Baroid seeks to have the motion reversed and to use Oden’s unemployment benefits to offset the damages that he was awarded. Unemployment benefits are collateral sources of income and should not be applied 16to offset lost wages. See Gilmore v. Russell, 555 So.2d 511, 518 (La.App. 4th Cir.1989), writ denied, 559 So.2d 140 (La.1990). We agree with the trial court’s judgment.
AFFIRMED.

. The statute states, in pertinent part, that
“(1) It shall be unlawful discrimination in employment for an employer to:
(a) Intentionally fail or refuse to hire, refer, discharge, or to otherwise intentionally discriminate against or in favor of an individual with respect to compensation, terms, or conditions, or privileges of employment because of race, color, religion, sex, disability as defined in R.S. 51:2232(11), or national origin ...”

. These statutes provide for the execution of the policies embedded in the Federal Civil Rights Act of 1964, 1968, and 1972. See 42 U.S.C.A. §§ 2000a et seq. (West 1994 and Supp.1995).

. Customer utilization is based on the number of hours the employee spent providing billable service to a customer.